IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TEVIN AKEEN NETTLES,
     Petitioner,

vs.                     Case No.: 3:17cv337/LAC/EMT

JULIE JONES,
     Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner commenced this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1). This cause is currently before the court on Petitioner's "Motion for Bail by Release on Own Recognizance Pending Decision" (ECF No. 6).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of Petitioner's motion for bail, it is the opinion of the undersigned that the motion should be denied.

I.     ANALYSIS

"[I]t is within the inherent power of a District Court of the United States to enlarge a state prisoner on bond pending hearing and decision on his application for a writ of habeas corpus." In re Wainwright, 518 F.2d 173, 174 (5th Cir. 1975) (per curiam) (citations omitted).[1]  In Gomez v. United States, 899 F.2d 1124 (11th Cir. 1990) the Eleventh Circuit set forth the applicable standard for granting release pending the outcome of a habeas petition:

> A prisoner seeking release pending habeas corpus can be granted bail under two sets of circumstances:  first, he must demonstrate a likelihood of success on the merits of a substantial constitutional claim; second, extraordinary and exceptional circumstances must exist which make the grant of bail necessary to preserve the effectiveness of the habeas corpus relief sought.

Gomez, 899 F.2d at 1125.  Habeas petitioners are rarely granted release on bail pending disposition or pending appeal.

Petitioner alleges he was tried by a jury in the Circuit Court for Escambia County, Florida, Case No. 2011-CF-002369, on one count of carjacking with a firearm, one count of robbery with a firearm, and one count of kidnapping with a weapon (see ECF No. 1 at 1, Ex. B).  On September 30, 2011, the jury found him guilty as charged on all counts, but with a specific finding, with regard to the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

carjacking and robbery counts, that Petitioner did not actually possess a firearm (*id.*).

The state court sentenced Petitioner on January 19, 2012, to concurrent terms of

fifteen (15) years in prison, followed by five (5) years of probation (ECF No. 1 at 1).

On direct appeal, the Florida First District Court of Appeal ("First DCA") held that

the jury's finding that Petitioner did not possess a firearm negated the possession

element necessary for conviction of carjacking with a firearm and robbery with a

firearm. Nettles v. State, 112 So. 3d 782, 783 (Fla. 1st DCA 2013). The First DCA

vacated the judgment of conviction as to the carjacking and robbery counts and the

sentences on those counts. *Id.* The appellate court remanded the cause to the trial

court for entry of a corrected judgment which adjudicated Petitioner guilty of

carjacking and robbery, and, upon preparation of a corrected Criminal Punishment

Code scoresheet, resentencing. *Id.* The public docket of Petitioner's criminal case

indicates that on July 19, 2013, the trial court vacated the judgment and adjudicated

Petitioner guilty of carjacking without a firearm or weapon, robbery with no firearm,

and kidnapping with a weapon. Petitioner was resentenced to concurrent terms of

twelve (12) years in prison followed by concurrent terms of five (5) years of

probation.

Petitioner's § 2254 petition asserts the following four claims:

Ground One: "The recantation testimony of the victim would have in fact produce [sic] an acquittal as the only evidence linking the Petitioner to this crime was the testimony of the victim Christopher Selbo and upon a retrial this testimony would probably produce an aquittal [sic] on retrial. The victim Christopher Selbo did not come forward until July 7, 2013, exonerating the defendant. This recantation by the victim Christopher Selbo support [sic] the Petitioner [sic] innocence and the evidence presented at trial as to why there was none of the Petitioner [sic] DNA found because he did not commit this crime nor intended for this crime to happen. The victim's untrue trial testimony was the only evidence linking the Petitioner to this crime and is now here to set the record straight to free an innocent man by recanting his trial testimony, warranting the Petitioner a new trial. Post-trial recantations by State witnesses are a species of newly discovered evidence. There was no doubt that newly discovered evidence by the recantation of the victim would have likely resulted in acquittal of the trial court [sic] had granted the Petitioner a retrial. The Petitioner's due process of law is being violated."

Ground Two: "The Petitioner asserted that the outcome would have been different had the trial been severed from his co-defendant and trial counsel should have put [sic] a motion to sever when the evidence sought to be admitted applies only to a co-defendant, because it may improperly influence the jury as to the charge against the Petitioner. As in the instant case, Petitioner was prejudice [sic] by the stolen goods that was link [sic] only to his co-defendant and this would not been [sic] admissible had the Petitioner went to trial alone. The jury may have been influenced by the evidence that was presented as to the other defendant where the co-defendant DNA [sic] was found on the stolen goods and this can also be why the jury came back with an inconsistent verdict, also. The Petitioner [sic] trial counsel was not acting as the counsel guaranteed by the Sixth and Fourteenth Amendment to the United States Constitution, and the deficiency in performing results in a fundamental miscarriage of justice to the Petitioner. Counsel failing to move the court to sever his trial from that of his co-defendant, warranting reversal of the Petitioner's conviction and remand for further

proceedings.  The right to the effective assistance of counsel at trial is a bedrock principle in our justice system."

Ground Three:  "The jury convicted the Petitioner by vote of guilt after the State's only witness to tie the petitioner to the crime testified for the State to the effect that Petitioner committed and induced the crime. Since then the victim Christopher Selbo through sworn affidavit has recanted his testimony, and in the absence of this testimony, the conviction is not, nor ever will be, sustainable by evidence.  The Petitioner was deprived of due process of law in that the Petitioner is actually innocence [sic] of the crime that he's accused of and the Petitioner easily pass [sic] through the actual innocence gateway to open it and to reach the merits of his claims.  Probable cause has to be stronger than reasonable suspicion.  This court has a fact finding role in this motion, under the Petitioner [sic] version of events, he has clearly demonstrated 1) there was and is an error, 2) that is plain, 3) that has affected a substantial right, 4) affected the fundamental fairness of the proceeding leading to a manifest injustice."

Ground Four:  "The Petitioner was deprived of a fair trial, one whose outcome comes clothed with a presumption of correctness, one that is supported by fact and ancillary evidence of corroboration.  Mrs. Mary Beth Bryie, ECSO fingerprint examiner testified that 17 prints were lifted, and said that absolutely none of them belonged to the Petitioner, and as well Mrs. Jennifer Hatter, FDLE crime lab analyst, testified also that DNA swabbed from the firearm matched the DNA swabbed from co-defendant Cook, and did not match DNA swabbed from co-defendant Foster or the Petitioner  If the Petitioner had used the gun to hold the victim or to force the victim head down with surely [sic] it would have been some DNA evidence of that of the Petitioner when the gun was found.  The Petitioner would also like to let this court knows [sic] that Officer Hernandez testified that Mr. Cook was seen in the backyard where the gun was found and Mr. Foster was found in possession with the $50.00 dollars that was taken from the victim and was sitting around the stolen merchandise while the Petitioner was seated in the vehicles [sic] while his co-defendants moved around evidence of the crime that they had just committed."

(ECF No. 1 at 5–10, 15–16). Petitioner states he presented Grounds One and Two to the state courts, but he is equivocal as to whether he exhausted Grounds Three and Four (*id.* at 5–11).

With his § 2254 petition, Petitioner submitted two statements from Christopher Selbo (*see* ECF No. 1, Ex. A). One statement, signed by Mr. Selbo on January 18, 2012 (the day prior to Petitioner's initial sentencing), states:

> "I, Christopher Selbo, feel like I was pressured to give my statement. We was [sic] in a situation and my adrenaline was rushing and vision was blurry. I was under the influence of drugs and I received treatment for it. And now I'm a better man. I've change [sic] my life and I'm hoping to right my wrong."

(ECF No. 1, Ex. A).

The second statement, signed by Mr. Selbo on July 7, 2013, states:

> "I, Christopher Selbo am stating that Tevin Akeem Nettles did not rob nor steal any of my possessions. There was three black males involved in the robbery and after having the time to think about it, I don't believe Tevin Nettles was the gun man.
>
> At the time in court while I was testifying I was very nervous and felt pressured since I have never been in that type of situation before.
>
> Since that day I have came [sic] a long way as a person and I'm constantly trying to better myself. With that being said I don't want to live with a guilty conscious [sic] over uncertainty.
>
> Sorry for any trouble or inconvenience.

(ECF No. 1, Ex. A).  Both of Mr. Selbo's statements are notarized, but neither of them includes a certification from Mr. Selbo, signed under penalty of perjury, that the facts contained therein are true (*see id.*).  Additionally, while Mr. Selbo's statements express uncertainty as to whether Petitioner was the "gunman," neither of the "recantations" state that Petitioner was not, in fact, involved in the crimes.

Petitioner has failed to demonstrate a likelihood of success on the merits of a substantial constitutional claim.  Grounds One and Three essentially present freestanding claims of actual innocence.  Neither the Supreme Court nor the Eleventh Circuit has determined that federal habeas relief is available for freestanding, non-capital claims of actual innocence.  *See* McQuiggin v. Perkins, — U.S. —, 133 S. Ct. 1924, 1931, 185 L. Ed. 2d 1019 (2013) (citing Herrera v. Collins, 506 U.S. 390, 404–05, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993) (holding that no federal habeas relief is available for freestanding, non-capital claims of actual innocence)); Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1356 (11th Cir. 2007) ("[O]ur precedent forbids granting habeas relief based upon a claim of actual innocence . . . at least in non-capital cases." (citing Brownlee v. Haley, 306 F.3d 1043, 1065 (11th Cir. 2002))).

In Grounds Two and Four, Petitioner appears to assert a claim of ineffective assistance of trial counsel, based upon counsel's failure to move to sever the

defendants, and a due process violation based upon the lack of severance. In Florida,

the trial court must order a severance of defendants and separate trials:

> (A) before trial, on a showing that the order is necessary to protect a defendant's right to a speedy trial, or is appropriate to promote a fair determination of the guilt or innocence of 1 or more defendants; or

> (B) during trial, only with defendant's consent and on a showing that the order is necessary to achieve a fair determination of the guilt or innocence of 1 or more defendants.

Fla. R. Crim. P. 3.152(b)(1).

A severance is not necessary when the evidence is "presented in such a manner

that the jury can distinguish the evidence relating to each defendant's acts, conduct,

and statements, and can then apply the law intelligently and without confusion to

determine the individual defendant's guilt or innocence." Coleman v. State, 610 So.

2d 1283, 1285 (Fla. 1992) (quoting McCray v. State, 416 So. 2d 804, 806 (Fla.

1982)).

In McCray, the Supreme Court of Florida affirmed a denial of severance

because: (1) the defendant had a full opportunity to confront and cross-examine each

of the witnesses against him; (2) none of the co-defendants inculpated each other by

confessing; and (3) the evidence was not too complex for the jury to apply it to each

individual defendant. 46 So. 2d at 807.

Petitioner alleges severance was appropriate because DNA evidence and testimony from Officer Hernandez directly linked co-defendant Cook to the gun and co-defendant Foster to the stolen property, but neither of these sources of evidence directly linked Petitioner to the crimes. However, Petitioner does not allege he did not have a full opportunity to confront and cross-examine the evidence against him. Further, Petitioner does not allege that either co-defendant inculpated him by confessing to the crimes, or that the evidence was too complex for the jury to apply it to each individual defendant. Additionally, Florida law provides that a defendant may be held criminally liable for the acts of co-defendants based upon a principal theory as follows:

> If the defendant helped another person or persons [commit] [attempt to commit] a crime, the defendant is a principal and must be treated as if [he] [she] had done all the things the other person or persons did if:
>
> 1. the defendant had a conscious intent that the criminal act be done and
>
> 2. the defendant did some act or said some word which was intended to and which did incite, cause, encourage, assist, or advise the other person or persons to actually [commit] [attempt to commit] the crime.
>
> To be a principal, the defendant does not have to be present when the crime is [committed] [or] [attempted].

Fla. Standard Jury Instructions in Criminal Cases § 3.5(a); Fla. Stat. § 777.011.

Petitioner failed to show that severance would have been proper in his case, and accordingly counsel cannot be deemed ineffective for failing to move to sever Petitioner's case from that of his co-defendants. *See* Gordon v. State, 863 So. 2d 1215, 1223 (Fla. 2003) (defendant failed to show that counsel's failure to move to sever case from co-defendant's was deficient where the criteria outlined in McCray were satisfied). Moreover, Petitioner's allegations failed to demonstrate that the same evidence presented at the joint trial would not have also been presented in a severed trial. Therefore, no prejudice has been demonstrated. *See id.*

Petitioner has failed to demonstrate a likelihood of success on the merits of a substantial constitutional claim. Therefore, he has failed to satisfy the first Gomez criteria.

Additionally, Petitioner failed to satisfy the second Gomez criteria, because he has failed to show the existence of any circumstances making this habeas application exceptional and deserving of special treatment in the interests of justice. *See, e.g.*, In re Roe, 257 F.3d 1077, 1080–81 (9th Cir. 2001) (assuming that a district court has the authority to release a state prisoner on bail pending resolution of the habeas proceedings in extraordinary cases, the district court clearly erred in releasing petitioner despite the seriousness of the constitutional violations petitioner alleged in his petition, statements made by one of his co-defendants that he had nothing to do

with the murders of which he was convicted, the availability of lodging for petitioner in his father's and step-mother's residence, representations by counsel as to petitioner's failing health, and the State's "persistent resistance" to fully satisfying its discovery obligations; it was not shown that petitioner required treatment unavailable to him through the state department of corrections, and the district court never actually found the State to be in violation of any discovery order); United States v. Mett, 41 F.3d 1281, 1282 n.4 (9th Cir. 1994) (special circumstances include a serious deterioration of health while incarcerated, and unusual delay in the review process); Landano v. Rafferty, 970 F.2d 1230, 1239–41 (3d Cir. 1992) (there were no extraordinary circumstances supporting grant of bail pending review by federal court of state prisoner's habeas petition while prisoner exhausted state remedies; neither delay resulting from exhaustion of remedies nor absence of bail in New Jersey, nor prisoner's probable innocence, nor small risk of flight rose to level of extraordinary circumstance); Martin v. Solem, 801 F.2d 324, 330 (8th Cir. 1986) (district court erred in granting habeas petitioner's request for release on bail; there is nothing unusual about a claim of unlawful confinement in a habeas proceeding, and petitioner made no showing of any medical emergency or any other special circumstances); Johnston v. Marsh, 227 F.2d 528 (3d Cir. 1955) (petitioner was properly admitted to

bail where petitioner was gravely ill and was granted bail on the condition that he enter a hospital to seek necessary medical care).

## II.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A district court's order denying bond is a final appealable order under the collateral order doctrine; therefore, a petitioner must have a certificate of appealability ("COA") to proceed on appeal.  *See* Pagan v. United States, 353 F.3d 1343, 1346 (11th Cir. 2003).  If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a COA.  28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ((quoting § 2253(c)(2)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

further.'" <u>Buck v. Davis</u>, 580 U.S.—, 137 S. Ct. 773 (2017) (citing <u>Miller-El</u>, 537 U.S. at 327).   The petitioner here cannot make that showing.   Therefore, the undersigned recommends that the district court deny a COA in its order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Petitioner's "Motion for Bail by Release on Own Recognizance Pending Decision" (ECF No. 6) be **DENIED**.

2.      That a certificate of appealability be **DENIED**.

**DONE AND ORDERED** this 31<u>st</u> day of May 2017.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**